# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TYRONE SUMMERS,**
**D.O.C. # 130577,**

    **Plaintiff,**

vs.                                             **Case No.  4:20cv340-MW-MAF**

**SERGEANT SPIRES,**

    **Defendant.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted an amended civil rights complaint, ECF No. 12, on December 16, 2020.  The amended complaint was reviewed as required by 28 U.S.C. § 1915(e)(2) to determine if it was sufficient for service.  Because it was not sufficient, an Order was entered on January 6, 2021, directing Plaintiff to submit a second amended complaint by **February 8, 2021,** if he desired to proceed with this case.  ECF No. 13.  As of this date, Plaintiff has not complied, despite the warning to Plaintiff that a recommendation would be made to dismiss this case if he

did not comply by the deadline provided. It appears that Plaintiff has abandoned this litigation.[1]

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

---

[1] Previously, a Report and Recommendation was entered in this case because Plaintiff did not timely submit the initial partial filing fee. ECF No. 9. That Report and Recommendation was subsequently vacated. ECF No. 11.

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2021.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**